**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIGNATURE FLIGHT SUPPORT**
**CORPORATION and BBA U.S. HOLDINGS,**
**INC.,**
      **Plaintiffs,**

-vs-               **Case No.  6:07-cv-1991-Orl-28GJK**

**SIGNATURE INTERNATIONAL FLIGHT**
**SUPPORT CORPORATION, NEVILLE**
**BENNETT, LEONARDO ANGLERO,**
**EXPRESS ONE INTERNATIONAL, INC.,**
**EXPRESS ONE INTERNATIONAL**
**HOLDING, INC., and EXPRESS ONE**
**INTERNATIONAL AIRLINES, INC.**
      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION AND MEMORANDUM FOR DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT SIGNATURE INTERNATIONAL FLIGHT SUPPORT CORPORATION (Doc. No. 30)** |
| **FILED:** | **February 8, 2008** |
| | **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**. |

**I. BACKGROUND**

   Plaintiffs Signature Flight Support Corporation ("Signature Flight") and BBA U.S. Holdings, Inc. ("BBA") (collectively, the "Plaintiffs") initiated the instant litigation by filing the complaint

("Complaint") which seeks to hold Defendants Signature International Flight Support Corporation (Signature International"), Neville Bennett ("Bennet"), Leonardo Anglero ("Anglero") and Express One International, Inc.("Express One") (collectively the "Defendants") liable for federal service mark infringement, common law unfair competition and false designation of origin, violation of the Florida Deceptive and Unfair Trade Practices Act, and cyber-piracy. Doc. No. 1 (as amended at Doc. No. 16 "Amended Complaint").[1] Signature Flight now moves for the entry of default and default judgment against Signature International ("Motion") based on the allegations delineated in the Complaint and requests that the issue of damages and attorneys' fees be reserved. Doc. No. 30.

Signature Flight is a Delaware corporation whose principal place of business is located at 201 S. Orange Avenue, Suite 1100, Orlando, Florida. Doc. No. 1, ¶ 2. BBA is a Delaware corporation whose principal place of business is located at 201 S. Orange Avenue, Suite 1100, Orlando, Florida. *Id.*, ¶ 3. Signature Flight is a subsidiary of BBA, and BBA is a subsidiary of the UK-based BBA Holdings plc. *Id.*, ¶¶ 4, 5. According to Plaintiffs' Complaint, Signature International maintains its principal place of business at 37 N. Orange Avenue, Suite 500, Orlando, Florida 32801, and Bennett is the owner, incorporator, and officer of Signature International. *Id.*, ¶¶ 7, 8.

Signature Flight is engaged in the business of providing fix-based operations for the business aviation and general aviation communities. Doc. No. 1, ¶ 17. Fix-based operations include "fueling, towing, storing, ground handling, hangar services, maintenance and service of aircraft at airports, as well as office rentals and other services for general aviation customers." *Id.* Signature Flight offers these services at forty-nine airports in the United States and twenty-two airports outside of the United States. *Id.*, ¶ 18. BBA also provides aviation services. *Id.*, ¶ 19. Signature Flight is the owner of

---

[1] On January 16, 2008, Plaintiffs filed an Amended Complaint to add an additional Defendant Express One International Airlines, Inc.

various "SIGNATURE" marks. *Id.*, ¶ 21-30. BBA is the owner of various "BBA AVIATION" marks. Doc. No. 1, ¶¶ 31-34.

On December 18, 2007, Plaintiffs filed their Complaint alleging that the Defendants were using Plaintiffs' marks without permission and in violation of various statutory and common laws. Doc. No. 1. For instance, Plaintiffs state that the Defendants are maintaining a website, www.signatureflightinternational.com, which contains the following welcome message to its viewers:

> Welcome to Signature Flight Support.
>
> Signature International Flight Support, a BBA Aviation company, is part of the world's largest fixed-based operation (FBO) and distribution network for aviation services . . .

Doc. No. 1, ¶ 39. Signature Flight maintains that the Defendants are "deliberately implying to the public entering this website that they are in fact at the website of Plaintiff Signature Flight and that they are, 'a BBA Aviation company', and therefore affiliated with Plaintiff BBA." *Id.*, ¶ 40.

On December 27, 2007, Bennett, in his individual capacity and as president of Signature International, was served with a summons and Complaint. Doc. Nos. 7, 8. Signature International was properly served by virtue of the service of process on Bennett. On February 8, 2008, Signature Flight filed the present Motion against Signature International. Doc. Nos. 30. By failing to file an answer to Plaintiffs' Amended Complaint, Signature International effectively admitted all well-pled allegations therein. A copy of the Motion was mailed to Signature International at the following addresses:

1) Signature International Flight Support Corporation, c/o William B. Pringle, III, Esq., William B. Pringle, III, P.A., 390 N. Orange Avenue, Suite 2100, Orlando, FL 32801-1642, and

2) Signature International Flight Support Corporation, c/o Patrick Russell, Esq., Registered Agent, Russell Law Offices, 28 W. Flagler Street, Suite 201, Miami, FL, 33131.

Doc. No. 30 at 4. Signature International has not responded to the Motion.

**I.    THE LAW**

    **A.    Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment , it needs to:
>     A) conduct an accounting;
>     B) determine the amount of damages;
>     C) establish the truth of any allegation by evidence; or
>     D) investigate any other matter.

*Id*. The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (*citing Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v.*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

*Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

### B. 15 U.S.C. § 1114(1); 15 U.S.C. § 1125

Plaintiffs seeks to hold Signature International for willful trademark infringement pursuant to 15 U.S.C. § 1114(1) due to Signature International's use in commerce of Plaintiffs' trademarks. Section 1114(1) provides that any person who shall, without the consent of the registrant-

> (a) use of commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies herein provided.

15 U.S.C. § 1114(1)(a), (b). Plaintiffs maintain also that Signature International is liable for trademark dilution pursuant to 15 U.S.C. Section 1125(a), which provides:

> (1) any person who, in or in connection with any goods or services, or any container for goods, uses in commerce any word, term, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she or is likely to be damaged by such act.

15 U.S.C. § 1125(a). In order to prevail on the trademark infringement claim, Plaintiffs must establish: 1) that they had a valid trademark; and 2) that Signature International adopted an identical

5

or similar mark such that consumers would likely confuse the two. 15 U.S.C. § 1125(a); *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1216 (11th Cir. 2000).

Finally, Plaintiffs' Amended Complaint alleges that Signature International violated 15 U.S.C. § 1125(d), the Anticybersquatting Consumer Protection Act ("ACPA"). "To prevail under the ACPA, a plaintiff must prove that 1) its mark is distinctive or famous and entitled to protection; 2) the defendant's domain name is identical or confusingly similar to the plaintiff's mark; and 3) the defendant registered or used the domain name with a bad faith intent to profit." *Bavaro Palage, S.A. v. Vacation Tours, Inc.*, 203 Fed. Appx. 252, 256 (11th Cir. 2006); 15 U.S.C. § 1125(d). Thus, if Signature International's domain is "confusingly similar" to Plaintiffs' marks, and Signature International maintains the domain in bad faith, Signature International has violated the ACPA.

## II. APPLICATION

After careful review of the Amended Complaint and Motion filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Plaintiffs' claims of willful trademark infringement and cyber piracy. The entry of default and default judgment is warranted. Signature International was properly served by virtue of service on Bennett, and has had numerous opportunities to appear and contest the claims, as well as the Motion now before the Court. However, Plaintiffs' claims and Motion remain unopposed.

Therefore, it is **RECOMMENDED** that:

1. Plaintiffs' Motion for Default and Default Judgment Against Defendant Signature International Flight Support Corporation [Docket No. 30] be **GRANTED**;

2. Signature International be held liable under Counts I – VIII of the Amended Complaint;

2. the Court should reserve jurisdiction to award any damages and attorneys' fees at the resolution of the case; and

6

       3.      the Clerk should be directed to enter judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 9, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Unrepresented Party